# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAINE ANDREWS, | : |
| | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ENCOMPASS HOME AND AUTO | : NO. 15-0268 |
| INSURANCE COMPANY, | : |
| | : |
| Defendant. | : |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                     June 10, 2015

      Currently pending before the Court is Plaintiff Delaine Andrews ("Plaintiff")'s Motion to Transfer Venue to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404. For the following reasons, the Motion is denied and this case will remain in the United States District Court for the Eastern District of Pennsylvania.

## I.    FACTUAL AND PROCEDURAL HISTORY

      Plaintiff is an adult individual with a mailing address at P.O. Box 502, Enola, Pennsylvania. (Compl. ¶ 1.) Defendant Encompass Home and Auto Insurance Company ("Defendant") is an insurance company that actively engages in business in Philadelphia, Pennsylvania and has an address for the purpose of service of process in Northbrook, Illinois. (Id. ¶ 2.) Plaintiff was in Philadelphia on January 1, 2011 when she was involved in an automobile accident that was caused by a driver who did not have automobile insurance. (Id. ¶¶ 4–7; Pl.'s Mem. Supp. Mot. Transfer 1–2.) Plaintiff submitted a claim for underinsured motorist benefits to Defendant pursuant to the policy issued to her by Defendant ("the Policy"). (Id. ¶¶ 7–

8.) Plaintiff alleges that Defendant wrongfully denied, failed, and/or refused to pay underinsured motorist benefits under the terms and conditions of the Policy and the Pennsylvania Motor Vehicle Financial Responsibility Law. (Id. ¶ 21.)

Plaintiff initiated the current litigation, alleging breach of contract, by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania on December 16, 2014. Defendant removed the case to federal court on January 21, 2015. Plaintiff filed a separate breach of contract action, stemming from another automobile accident,[1] against both Defendant and Progressive Specialty Insurance Company ("Progressive") in the Philadelphia Court of Common Pleas on December 29, 2014. That case was removed to federal court and was subsequently transferred to the United States District Court for the Middle District of Pennsylvania on March 17, 2015. (Pl.'s Mot. Transfer, Ex. C, Order transferring Docket No. Civ.A.15-0453 to M.D. Pa.) In that case, Progressive filed its motion to transfer venue based on a venue selection clause in Plaintiff's insurance contract with Progressive. (Id.; Pl.'s Mem. Supp. Mot. Transfer 2.)

Plaintiff filed the present Motion to Transfer Venue to the United States District Court for the Middle District of Pennsylvania on May 5, 2015. Defendant responded on May 12, 2015. The Motion is now ripe for judicial consideration.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer an action to any other district "where it might have been brought" if this transfer is "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); see also Connors v. UUU Prods., No. Civ.A.03-6420, 2004 WL 834726, at *6 (E.D. Pa. Mar. 5, 2004). "There is no

---

[1] That accident occurred on January 18, 2011, in Harrisburg, Pennsylvania. (Pl.'s Mem. Supp. Mot. Transfer 2.)

obstacle to a Motion to Transfer under 1404(a) being made by plaintiff." Jones v. Valley Welding Supply Co., 303 F. Supp. 9, 10 (W.D. Pa. 1969) (citations omitted)); see also Berger v. Grace Line, Inc., 343 F. Supp. 755, 756 (E.D. Pa. 1971) aff'd, 474 F.2d 1339 (3d Cir. 1973) ("There is some question as to whether a plaintiff who voluntarily chooses his forum may move for a change of venue under § 1404 . . . [but a] plaintiff has been allowed to change his forum where he later discovers good reasons for a transfer.") (citing Trader v. Pope & Talbot, Inc. v. Jarka Corp. of Phila., 190 F. Supp. 282 (E.D. Pa. 1961); Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782 (6th Cir. 1961), cert. den. 366 U.S. 948 (1961)). The determination of whether to transfer venue pursuant to § 1404(a) is governed by federal law. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877–878 (3d Cir. 1995) (federal law applies because questions of venue are procedural, rather than substantive).

Analysis of a request for a § 1404(a) transfer has two components. First, both the original venue and the requested venue must be proper. Jumara, 55 F.3d at 879. In a diversity case, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391.

Second, because the purpose of allowing § 1404(a) transfers is "'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense,'" Pro Spice, Inc. v. Omni Trade Grp., Inc., 173 F. Supp. 2d 336, 339

3

(E.D. Pa. 2001) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)), the Court is required to undertake a balancing test in deciding whether the "interests of justice [would] be better served by a transfer to a different forum." Jumara, 55 F.3d at 879. The Third Circuit has outlined a non-exhaustive list of pertinent public and private interest factors to be weighed in this balancing test. The private interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. Id. at 879 (citation omitted). The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879–80 (citation omitted). The burden falls on the moving defendant to show the desirability of transferring venue and to present evidence upon which the court may rely in justifying transfer. Fellner ex rel. Estate of Fellner v. Phila. Toboggan Coasters, Inc., No. Civ.A.05-1052, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005).[2] Notably, analyses of transfers under § 1404(a) are "flexible and must be made on the unique facts of each case."[3] Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227 (D.N.J. 1996) (internal quotations omitted).

---

[2] "Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." Fellner, 2005 WL 2660351, at *4.

[3] The Third Circuit has noted that its extensive enumeration of factors to be balanced makes "a written opinion setting forth the reasons for transfer . . . highly desirable." Jumara, 55 F.3d at 880 (internal quotations omitted).

Plaintiff's primary motivation for seeking to transfer this case to the Middle District of Pennsylvania is so that she may then move to consolidate this case with her case against Defendant and Progressive, which is now pending in the Middle District of Pennsylvania. (Pl.'s Mem. Supp. Mot. Transfer 2–3.) Defendant does not argue that the Middle District of Pennsylvania is an improper forum. Rather, Defendant "opposes the transfer of [this case] because venue in the Eastern District of Pennsylvania is appropriate." (Def.'s Resp. Opp'n Mot. Transfer 2.) Defendant also opposes consolidation of Plaintiff's cases, because "they are independent accidents that should be handled separately." (Id.)

On the basis of the Complaint and the parties' briefs, venue in either the Eastern District of Pennsylvania or the Middle District of Pennsylvania would be appropriate. Accordingly, the Court turns to the second part of the inquiry: whether the convenience of the parties and witnesses, as well as the interests of justice, would be served by transferring this case to the Middle District of Pennsylvania. Considering the private and public interests enumerated by the Third Circuit, the Court finds that such a transfer would not be proper.

### A. Private Interests

#### 1. Plaintiff's Choice of Venue

The analysis commences with an examination of Plaintiff's choice of venue, as manifested by where the suit was originally brought. As a general rule, a plaintiff's choice of venue is of paramount consideration and "should not be disturbed lightly." In re Amkor Tech., Inc. v. Sec. Litig., No. Civ.A.06-298, 2006 WL 3857488, at *3 (E.D. Pa. Dec. 28, 2006) (quoting Weber v. Basic Comfort, Inc., 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001)). "Moreover, where . . . the plaintiff files suit in its home forum, that choice is entitled to considerable deference." Am. Argo Corp. v. U.S. Fid. & Guar. Co., 590 F. Supp. 1002, 1004 (E.D. Pa. 1984) (citation omitted).

Nonetheless, there are circumstances under which a plaintiff's choice of forum is not entitled to significant deference. For example, "a plaintiff's choice [of forum] receives less weight where none of the operative facts occurred in the selected forum." Fid. Leasing, Inc. v. Metavec Corp., No. Civ.A.98-6035, 1999 WL 269933, at *2 (E.D. Pa. Apr. 29, 1999); see also Rowles v. Hammermill Paper Co., Inc., 689 F. Supp. 494, 496 (E.D. Pa. 1988) ("plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum.") (citations omitted).

Plaintiff lives in Harrisburg, Pennsylvania, but originally chose to file this case in the Philadelphia Court of Common Pleas. Defendant subsequently removed the case to the Eastern District of Pennsylvania. The underlying automobile accident occurred in Philadelphia, but Plaintiff's medical treatment—and presumably communications between Plaintiff and Defendant concerning her insurance claim—occurred in Harrisburg. Nonetheless, Plaintiff filed her breach of contract claim in Philadelphia rather than in Harrisburg. Plaintiff also filed her other action against Defendant and Progressive in Philadelphia, despite the fact that the underlying accident in that case occurred in Harrisburg. Thus, Plaintiff originally demonstrated a preference for a forum in Philadelphia.

Plaintiff now seeks to transfer this case to the Middle District of Pennsylvania so that she can move for consolidation of the breach of contract claim in this case with her breach of contract claims in her case against Defendant and Progressive.[4] Plaintiff argues that her "intention to consolidate these actions was not disturbed until the Second Action was transferred to the Middle District," and that she should now be allowed to transfer this case to the Middle

---

[4] Plaintiff asserts that she wishes to consolidate her cases to avoid the risk of inconsistent verdicts, the risk of prejudice, the risk that she will be under or overcompensated, and to facilitate "potential" savings in time, effort and resources for the court and parties. (Pl.'s Mem. Supp. Mot. Transfer 6.)

6

District so that she might seek consolidation in that court. (Pl.'s Mem. Supp. Mot. Transfer 5.) Plaintiff acknowledges that she originally chose the Philadelphia Court of Common Pleas and intended to consolidate the cases there, but that since her intention "is now moot with both actions in different districts, Plaintiff requests this Court allow [her] to 'choose' the Middle District." (Id.) By way of response, Defendant asserts that Plaintiff's consolidation and coordination arguments should not be considered by this Court because the only matter properly before the Court at this time is whether the case should be transferred to the Middle District of Pennsylvania—not whether the cases can or should be consolidated. (Def.'s Resp. Opp'n Mot. Transfer 2.) In light of Plaintiff's previous preference for the current forum, and the change of circumstances in the location of Plaintiff's other pending action which prompted her to change her preference, this factor is neutral.

### 2. Defendant's Preference

Normally, the second factor—a defendant's forum choice—is "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. and Dev. Co. v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003) (citations omitted). In this instance, however, Defendant does not seek to transfer the case. Rather, Defendant's preference is to have the case remain in the federal district encompassing Philadelphia, the venue that Plaintiff originally chose, even in spite of the fact that Plaintiff's other pending action against Defendant was transferred to the Middle District of Pennsylvania.

As stated above, Defendant's primary argument for keeping this case in the Eastern District of Pennsylvania is that, because the case is already in a court of competent jurisdiction as required by language in the Policy, there is no valid basis for a transfer to another forum. (Def.'s

Resp. Opp'n Mot. Transfer 2–3.) In support of this argument, Defendant relies on the Policy language describing what happens if Defendant and the insured do not agree on the amount of damages the insured has a right to receive, which states that: "[i]f the covered person and we do not agree on that person's right to receive damages or on the amount, then upon mutual consent, the disagreement will be settled by arbitration. If the covered person and we do not agree to arbitrate, then the disagreement will be resolved in a court of competent jurisdiction." (Def.'s Resp. Opp'n, Ex. A, "Optional Coverages" at 6.) Thus, according to Defendant, the Policy language has been satisfied and there is no need to transfer the case to a different forum. Moreover, this case is currently scheduled for arbitration on July 29, 2015, at the federal courthouse for the Eastern District of Pennsylvania. (Andrews v. Encompass, No. Civ.A.15-268, Docket No. 9, Notice of Arbitration Hearing dated May 1, 2015.) Thus, Defendant's preference weighs against transfer, particularly because Defendant is not the party seeking to transfer the case to a different venue.

### 3. **Whether the Claim Arose Elsewhere**

"Typically the most appropriate venue is where a majority of events giving rise to the claim arose." In re Amkor Tech., 2006 WL 3857488, at *5 (citation omitted). "When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." Cancer Genetics, Inc. v. Kreatech Biotech., No. Civ.A.07-273, 2007 WL 4365328, at *5 (E.D. Pa. Dec. 11, 2007) (citations omitted).

Plaintiff asserts that the focus of the evidence in this case will be Plaintiff's medical treatment as it relates to her breach of contract claim regarding uninsured motorist benefits. (Pl.'s Mem. Supp. Mot. Transfer 5.) As Plaintiff and her treating physicians are located in

8

Harrisburg, the situs of some of the material events in this breach of contract case took place in Harrisburg, even though the underlying automobile accident occurred in Philadelphia. In this case, however, the issue of where the claim arose is not as pertinent to the Court's analysis both because of the type of claim asserted and because both forums at issue are in the same state and are subject to the same bodies of law. Thus, this factor is neutral as to whether the case should be transferred from the Eastern District of Pennsylvania to the Middle District of Pennsylvania.

### 4. Convenience of the Parties and Party Witnesses

With respect to the convenience of the parties and party witness factor, Plaintiff presents a logical argument in favor of transfer to the Middle District of Pennsylvania, the district in which she resides, in light of her other pending action in that district.[5] Defendant is an Illinois corporation, and presumably is no more or less inconvenienced by defending this case in Harrisburg as opposed to defending it in Philadelphia. Nonetheless, Defendant opposes transfer of this case. In short, the convenience of parties and party-witnesses weighs slightly in favor of transfer to the Middle District of Pennsylvania, and accordingly the Court weighs this factor in support of Plaintiff's Motion to Transfer Venue.

### 5. Convenience of Non-Party Witnesses

The next private factor—the convenience of non-party material witnesses—"is a particularly significant factor in a court's decision whether to transfer." Idasetima v. Wabash Metal Prods., Inc., No. Civ.A.01-97, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001) (citing Lindley v. Caterpillar, Inc., 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000)); see also Howell, 1993 WL 387901, at *5 ("The convenience to witnesses weighs heavily in making a determination on

---

[5] As stated above, Plaintiff wishes to consolidate her cases to avoid the risk of inconsistent verdicts, the risk of prejudice, the risk that she will be under or overcompensated, and to facilitate "potential" savings in time, effort and resources for the court and parties. (Pl.'s Mem. Supp. Mot. Transfer 6.)

9

whether to grant a motion to transfer venue."). There are many different types of witnesses, however, and each one carries a different weight. "[F]act witnesses who possess first-hand knowledge of the events giving rise to the lawsuit[] have traditionally weighed quite heavily in the 'balance of convenience' analysis." Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998) (citation omitted).[6] On the other hand, expert witnesses or witnesses who are retained by a party to testify carry little weight because they "are usually selected because of their reputation and special knowledge . . . without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any." See Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co., 99 F. Supp. 503, 505 (D. Del. 1951).

Plaintiff's treating physician and Plaintiff's daughter, who Plaintiff asserts will be a fact witness, live in Harrisburg, Pennsylvania. (Pl.'s Mem. Supp. Mot. Transfer 5–6.) Defendant has not identified any non-party witnesses that it might call in its case. Accordingly, the location of the non-party witnesses weighs in favor of transfer.

### 6. Location of Books and Records

The final private factor the Court considers is the location of books and records. As recognized in other cases, "the technological advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis." Lomanno v. Black, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003) (quoting Am. High-Income Trust v. AlliedSignal, Inc., No. Civ.A.00-690, 2002 WL 373473, at *5 (D. Del. March 7, 2002) (citations omitted)); see also 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3853 (3d ed. 2010) ("[S]ince most records and documents now can be transported easily or exist in miniaturized or electronic form, especially, for example, the ubiquitous e-mail, their location

---

[6] Under this factor, party witnesses or witnesses who are employed by a party have little impact on the "balance of convenience" analysis since each party is obligated to procure the attendance of its own employees for trial. Id.

is entitled to little weight. This is particularly true with the development of photoduplication, facsimile transmission, the Internet, and the easy availability, excellent reproducibility, and relatively low cost of hard and electronic copies."). This factor should thus be limited to the extent that the files could not be produced in the alternative forum. Jumara, 55 F.3d at 879; see also 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3853 (4th ed.) ("For example, perhaps transfer means that documents and things will be within the subpoena power of the transferee court.").

Plaintiff's medical records and other documents related to this case are presumably located in Harrisburg. Defendant did not present an argument regarding the location of its records or other documents. Thus, although this factor weighs slightly in favor of transfer, it has no significant impact on the Court's decision.

### B. Public Interests

As noted above, the public interest factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Jumara, 55 F.3d at 879–80. Plaintiff only addresses factor (2), while Defendant does not address any of the factors in its brief. Accordingly, the Court will only discuss factor (2).[7]

The second factor—practical considerations that could make the trial easy, expeditious, or inexpensive—weighs against a transfer of venue. As to ease and expense of trial, even if Plaintiff were successful in moving to consolidate both of her cases in the Middle District of

---

[7] Even if the parties had presented arguments regarding factors (1) and (3)–(6), in this case they would have little bearing on the analysis because both courts are federal courts in the same state.

Pennsylvania, there would still be the same number of claims requiring adjudication—two distinct claims against Defendant, and the claim against Progressive. As to expediency, this case is already scheduled for arbitration in this district for July 29, 2015.[8] Transferring this case to another judicial district would almost certainly result in delays in re-scheduling arbitration in the Middle District, and would cause delays in the progress of both cases if Plaintiff attempted to consolidate them. Accordingly, this factor weighs against transferring this case to the Middle District of Pennsylvania.

### C. Conclusion

For all of the foregoing reasons, the Eastern District of Pennsylvania is an appropriate venue for this case. Plaintiff originally chose this forum, and seeks to transfer this case to a different forum for reasons related to a different case. Although Defendant is a party in both of Plaintiff's cases, it prefers that this case not be transferred out of the Eastern District of Pennsylvania. In addition, this case is already scheduled for arbitration in the Eastern District of Pennsylvania. Finally, while it would be more convenient for Plaintiff if the case were transferred to the Middle District of Pennsylvania, transferring this case would not, from a public interest perspective, make the case easier, more expedient, or less expensive. Accordingly, the Court will deny Plaintiff's Motion to transfer this case to the Middle District of Pennsylvania.

An appropriate order follows.

---

[8] Plaintiff did not discuss what, if any, impact the agreed-upon arbitration in this case would have on her intention or ability to consolidate this case with her other case in the Middle District of Pennsylvania.